## SEVERANCE v. HILTON.

In actions of slander, evidence of the repetition of the words laid in the declaration, at other times than those charged, as well as of the speaking of other words, if spoken so near the time of the words declared upon, or otherwise so connected with them as to have a legitimate bearing upon the disposition of the defendant's mind at the time of uttering the slander complained of, is admissible to show the malice of the defendant, and it is immaterial whether the other words proved are themselves actionable or not.

Where referees to whom an action of slander has been submitted, undertaking to decide all questions as to the admissibility of evidence in conformity with and according to the principles of law, reject evidence offered by the plaintiff, showing a repetition of the slanders complained of at various times and to various individuals, about the period of the uttering of the words declared on, and the uttering of other slanderous words about the same time, tending to show the malice and malignity of the defendant towards the plaintiff, their report will be rejected.

CASE, for slander. The writ was dated March 11, 1850, and contained two counts.

The first charged the defendant with having, on the first day of August, 1849, at Sandwich, in this County, with the design of injuring the plaintiff, and causing him to be suspected of and prosecuted for murder, &c., uttered the following words of and concerning the plaintiff and his treatment of his first wife, then deceased: "Folks say Severance poisoned his first wife, and for my part I have no doubt of it."

The second count charged the defendant with having, on the 10th day of August, 1849, at said Sandwich, with the like purpose, spoken of the plaintiff the following words: "I have no doubt it was Severance that broke into my buildings and injured my dog, and any one who was bad enough to break into my buildings to wound a dog in the way mine was, was bad enough to poison his wife for the sake of getting another."

In both counts the words were set forth with proper averments and innuendoes to explain their meaning and application.

The action was entered May term, 1850, of the Court of Common Pleas for this County, and, after two trials by the jury, was submitted to referees, at the October term, 1853, who heard the parties in February, 1854, and made an award in favor of

the defendant for costs of reference and costs of court. It appeared from the depositions of two of the three referees, that on the trial before them the arbitrators "undertook to decide all questions as to the admissibility of evidence, in conformity with and according to the principles of law. On that trial, the plaintiff, for the purpose of showing the malice of the defendant in speaking the words laid in the declaration, as well as to corroborate the fact of their having been spoken at all, which was in controversy before the referees, offered the depositions of John J. Atkins, John Gilman, Martha T. Gilman, and Elbridge Corliss, and the testimony of one or more witnesses upon the stand, tending to show a repetition of substantially the same slanders as those set forth in the declaration, at different times from those named in the writ. These depositions and this testimony the referees rejected as inadmissible, in conformity with and according to the principles of the law."

At the October term, 1854, of the common pleas, the plaintiff moved that the report of the referees in favor of the defendant, be set aside, on account of the error of the referees in rejecting said depositions and testimony. The court refused the motion, and on motion of the defendant ordered judgment in his favor on the report; whereupon, on motion of the plaintiff, it was ordered that the questions arising on his motion to set aside the report, be transferred to this court.

S. Emerson, (with whom was James Bell,) for the plaintiff.

1. It is well settled that referees intending to be governed by principles of law, and erring therein, their report should be set aside.

2. It is fully established by the affidavits of two of the referees, that they intended to decide according to principles of law.

3. It was proved on the trial by two witnesses, that the words charged were spoken.

4. After the proving of the words charged, the plaintiff offered to prove other slanderous and libellous words uttered by the defendant concerning the plaintiff, both before and after the speak-

ing of the words laid in the declaration, to show the motive of the defendant and the *quo animo* in which the words charged were spoken, and as tending to prove, also, the speaking of the words laid in the declaration. The referees rejected this testimony improperly. Holt on Libels 301 ; 2 Starkie's Ev. 465 ; 2 Saunders Pl. & Ev. 332.

*W. H. Bartlett*, (with whom was Perley,) for the defendant, on the point that the evidence rejected was inadmissible, took substantially the same positions and referred to the same authorities as he had done in *Symonds* v. *Carter*, in Cheshire county, decided during the present circuit, where his argument is fully reported.

He further contended, that if the evidence were admissible, it was immaterial, for it was admissible only on the question of damages, and the referees had found no wrong to have been done. As no injury had been done the plaintiff in rejecting the testimony, the award must stand. On this point he cited *White* v. *White*, 21 Vermont 250 ; *Ludrington* v. *Taft*, 10 Barber S. C. 447 ; *Hunt* v. *Fisk*, 4 Barber S. C. 324 ; *Clement* v. *Brooks*, 13 N. H. 92 ; *Wakefield* v. *Alton*, 3 N. H. 378 ; *Pierce* v. *Myrick*, 1 Dev. 345, and other authorities.

He also took the position, that the common pleas, having ordered judgment on the report, upon the evidence before them, this court would not review their decision, and cited *Bowman* v. *Sanborn*, 5 Foster 105.

FOWLER, J.* It would seem to be a sufficient answer to the last position of the defendant's counsel, that the question which is assumed to have been definitively settled by the common pleas, is now before us for revision by the express order of that court.

To the other position of the defendant's counsel, that the evidence rejected, if admissible, was wholly immaterial, inasmuch as

---

* PERLEY, C. J., did not sit.

the referees found that no injury had been done ; it is only necessary to say, that if the evidence were competent, the plaintiff had the right to have the benefit of its influence upon the minds of the referees before the rendition of their judgment. As the referees undertook to receive or reject evidence upon strictly legal principles, if they rejected what should have been received, the plaintiff suffered a legal injury to his rights by their decision, which is not to be justified by an attempt to show it to have been immaterial or unimportant. Every party is entitled to the benefit of all the legal evidence he may produce before the tribunal that is to determine his rights.

Upon an examination of the rejected depositions, which form a part of the case transferred to this court, it appears that *John J. Atkins* testified, in substance, that he called upon the defendant in the spring of 1849, for the purpose of purchasing a cow of him, but, not being able to trade, he proposed to go and see the plaintiff and endeavor to purchase one of him, whereupon the defendant told him he would not buy a cow of a man who would poison his wife to death, referring to the plaintiff, as the witness understood him. *John Gilman* deposed that he and his wife, who was a sister of the defendant, were visiting at the defendant's about the middle of September, 1849 ; that about sunset the defendant, after showing witness his new barn, the fastenings of the doors, &c., informed him that on the previous Sunday, during his absence at meeting, some one came, broke into his house and beat out the eye of his dog, which he had left at home ; that he asked the defendant who he supposed had done it, and he replied that he held a note against the plaintiff to the amount of $100, and he did not know of any one else who would break into his house except the plaintiff after that note ; but as good luck would have it, he had the note in his pocket ; that during the same evening the defendant remarked to him that folks said the plaintiff had been the means of his wife's death, and for his part he had no doubt of it. Witness told him it could not be so, whereupon the defendant said to him that he did not know the plaintiff so well as he did, and added, that some

of the plaintiff's children believed it, and would not go there to see him.   *Martha T. Gilman* corroborated the testimony of her husband, the last witness, and added, that several times during her visit the defendant spoke of the plaintiff's first wife, and said he thought she might then have been living but for the plaintiff.   *Elbridge Corliss* applied to the defendant to board himself and brother in the winter of 1849–50 ; he declined to board them on account of his wife's health, which he represented as feeble, and thereupon the witness proposed applying to the plaintiff for board, when the defendant said to him, " I would not go up and board where a man poisoned his wife to death."   The exact testimony proposed by the witness upon the stand is not stated, but it seems to have been substantially a repetition of the slanders charged in the declaration, at other times and to other persons.

Such is, substantially, the evidence which the referees, undertaking to decide upon strictly legal principles, rejected, and the only important question before us, is whether they erred in so doing.

In *Symonds* v. *Carter*, decided at Newport during the present circuit, after a careful examination of authorities, we held that, in actions of slander, evidence of the repetition of the same words, or of other words and acts of the defendant, tending to show his malice in uttering the words laid in the declaration, was admissible, whether such words or acts were themselves actionable or not ; and further, that in order to render such evidence admissible, it was not necessary that the additional words should have been spoken at the same time, or to the same persons, as those laid in the declaration, or even before the commencement of the action, provided they were spoken so near the time of the words declared upon, or were otherwise so connected with them as to have a legitimate bearing upon the disposition of the defendant's mind at the time of uttering the slander complained of.

Applying the principles thus settled to the case before us, there can be no doubt that the depositions and testimony which the referees rejected were entirely competent and admissible,

and that the referees erred in not receiving and considering them. If any thing could show a deep and abiding malignity and disposition to injure on the part of the defendant, some of the circumstances disclosed in the rejected testimony, under which the slanders complained of were substantially repeated, in the presence and hearing of the plaintiff's sister, coupled with other charges of house-breaking, the wounding of the dog, and an attempt at larceny of the note, together with the wanton feelings of hostility evinced in the efforts to deter others from trading or boarding with the plaintiff, would seem to have that tendency.

We have not considered, or deemed it necessary to consider, whether the rejected evidence might have been competent in corroboration of the proof of the speaking of the words laid, as tending to show the existence in the defendant of that disposition of mind towards the plaintiff which would render it more probable that he might have spoken them, as alleged, than it would otherwise have been. We are of opinion it was admissible on the question of malice ; and whether it might have had any other legitimate bearing or not, the plaintiff was entitled to the full benefit of it. As he has been deprived of this by the error of the referees in a matter of law, where they undertook to decide on strictly legal principles, the order of the court below, for judgment in favor of the defendant upon the report, must be rescinded, and

*The report must be set aside.*